IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LLOYD GEORGE MAXWELL                                                               PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:10-cv-161-DCB-MTP

DEPARTMENT OF HOMELAND SECURITY
and IMMIGRATION CUSTOMS ENFORCEMENT                              RESPONDENTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner, an inmate incarcerated at the Federal Correctional Institute (FCI), Yazoo City, Mississippi, filed on October 19, 2010, this civil action on a form entitled "§ 2241 Habeas Corpus Petition Form to be Used by Prisoners in Actions Under 28 U.S.C. § 2241 or in Actions Challenging Removal Proceedings."

Background

Petitioner states that he is presently incarcerated at the Federal Correctional Institute-Yazoo City, serving a federal sentence he received in the United States District Court for Maryland and he will complete said sentence on October 30, 2010. Pet. [1] at 2 & 5. Apparently, petitioner is concerned that once he completes his sentence on October 30, 2010, he will be taken into the custody of the Department of Homeland Security and/or Bureau of Immigration and Customs Enforcement to be deported/removed from the United States. Pet. [1] at 5. The petitioner further states in his petition [1] that his deportation/removal proceedings are pending before the Board of Immigration Appeals in Falls Church, Virginia, and therefore, those proceedings are "not final yet pursuant to 8 U.S.C. § 1252 (b)(3)(B)(f)(2)." Pet. [1] at 5 & 6.

Notwithstanding the petitioner having filed his claims with the federal sentencing court and Board of Immigration Appeals, he has filed the instant petition [1] for habeas relief and presents as grounds for relief the following:

> Ground One:  Request 1-year injunctive temporary emergency restraining order staying his deportation and release from DHSICE'S custody pending dispositions pursuant to § 1252 Nken v. Holder, 129 S.Ct. 1749 (2009) & Zadvydas v. Davis, 533 U.S. 678 (2001).[1]
>
> Ground Two:  5th and 14th Amendment Constitutional claims of effective assistance of counsel pursuant to § 240; Art. 36(1)(b); § 50(1)(2)(3) and Brady v. Maryland, 373 U.S. 83 (1963).

The petitioner filed his supplemental petition [3] on October 26, 2010, adding as an additional ground for habeas relief his claim that on August 8, 2010, the Warden of the FCI-Yazoo City "forced, intimi[d]ated and coerced the petitioner to unconstitutionally sign his release" for deportation.

Petitioner is seeking in his petition [1] an one-year injunction staying his deportation/removal and an order directing Department of Homeland Security/Immigration Customs Enforcement to release him from its custody on a $100.00 low surety bond and in his supplemental petition [3] he is requesting that this Court dismiss and/or set aside the document he signed on August 8, 2010, conceding deportation.

## Analysis

As an initial matter, the Court finds that it lacks jurisdiction to review the merits of the instant civil action filed pursuant to 28 U.S.C. § 2241. "For a court to have habeas jurisdiction

---

[1] The petitioner includes in his discussion of Ground 1 a request that the Court grant his request that he be placed in a Witness Protection Program as provided for by 18 U.S.C. § 3521. The petitioner states that the issue of being placed in the Witness Protection Program is pending before the Department of Homeland Security and the Board of Immigration.  Pet. [1] at 6.

under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge." Zolicoffer v. United States Department of Justice, 315 F.3d 538, 540 (5th Cir. 2003).  At the time the petitioner filed the instant § 2241 habeas petition, he was incarcerated as a result of a federal criminal conviction he received in the United States District Court of Maryland.  Pet. [1] at 2.  Therefore, the Court finds that the petitioner was not "in custody" as a result of an immigration detainer, see Zolicoffer 315 F.3d @ 540 (holding that a detainer alone does not place a petitioner "in custody" for purposes of 28 U.S.C. § 2241) or as a result of a deportation/removal proceeding.  Under the circumstances of the instant petition, the Court finds that petitioner is presently "in custody" completing his federal criminal sentence and thus, does not meet the "in custody" requirement of 28 U.S.C. § 2241.

  Moreover, the Court finds that under the circumstances of the instant petition for habeas relief that it lacks jurisdiction to consider the petitioner's underlying claims challenging his deportation/removal from the United States, including his requests for placement in a Witness Protection Program, his claim that his Fifth and Fourteenth amendments constitutional rights have been violated, and his request that the document he signed on August 8, 2010, conceding "deportability" be dismissed or set aside.  See 8 U.S.C. § 1252(g) (providing that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." ).  In fact, according to the petition [1], the petitioner's claims are presently pending before the United States District Court for Alexandria,

Virginia, and the Board of Immigration Appeals.[2]  In the event a final order of removal is entered, and the petitioner's disagrees with the decision, he is required to challenge that decision by filing a petition for review in the appropriate court of appeals.  See Rosales v. BICE, 426 F.3d 733, 736 (5th Cir. 2005).  For the reasons set forth above, the petitioner cannot maintain in the Court his petition for relief.

## Conclusion

The Court finds that the petitioner does not meet the "in custody" requirement of § 2241 and further, the Court does not have jurisdiction over the petitioner's claims relating to his pending deportation/removal proceedings.  Therefore, a final judgment will be entered dismissing the instant petition for habeas relief for this Court's lack of jurisdiction .

SO ORDERED this the ___1st___ day of  November, 2010.

        s/ David Bramlette
        UNITED STATES DISTRICT JUDGE

---

[2] According to petitioner, there has been no final order rendered by the Board of Immigration Appeals regarding his deportation/removal from the United States.  Pet. [1] at 6.