IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LLOYD GEORGE MAXWELL				PETITIONER

VERSUS					CIVIL ACTION NO. 5:10-cv-161-DCB-MTP

U. S. DEPARTMENT OF HOMELAND SECURITY, et al.			RESPONDENTS

ORDER

This matter is before the Court on petitioner's Motion [8] for Reconsideration of the Court's Order and Opinion of November 2, 2010, dismissing petitioner's habeas request.  Even though a "motion for reconsideration" is not explicitly recognized by the FEDERAL RULES OF CIVIL PROCEDURE, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b).  *See Rogers v. KBR Technical Services, Inc.*, 2008 WL 2337184, *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), abrogated on other grounds).  Having reviewed the motion [8] as well as the record, this Court finds that this motion [8] will be construed as one filed pursuant to Rule 59(e) since it was filed within 28 days of the judgment and as discussed below, this Court finds that the motion [8] is not well taken and will be denied.

In order to obtain relief petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003)(citation omitted).  The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors:

(1) the reasons for petitioner's default;  (2) the importance of the evidence to petitioner's case;  (3)  whether the evidence was available to petitioner before they responded to the underlying motion; and  (4)  the likelihood that respondents will suffer unfair prejudice if the case is reopened.  *See Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Id*.

Petitioner argues in his motion [8] that he met the "in custody" requirement of 28 U.S.C. § 2241 as a result of being held on an immigration detainer from October 29, 2010, through November 4, 2010.  *See* Mot. [8] at 1.  As pointed out in the Memorandum Opinion and Order [5] at 3, "the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."  *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003).  Petitioner states in the instant motion [5] that he was not "in custody" pursuant to an immigration detainer until October 29, 2010, which is 10 days after he filed the instant petition for habeas relief.[1]  Therefore, after considering the argument presented in the motion [8], this Court finds that petitioner has failed to offer any evidence or arguments that establishes that this Court failed to make the correct legal finding in the Memorandum Opinion and Order [5] entered on November 2, 2010.  Furthermore, petitioner has failed to meet the requisite legal standard for the Court to grant a motion pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL

---

[1]The instant petition for habeas relief was filed on October 19, 2010.

PROCEDURE.  Accordingly, it is,

ORDERED AND ADJUDGED that petitioner's motion [8] will be construed as a Motion for Relief Pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.

IT IS FURTHER ORDERED AND ADJUDGED that the motion [8] is **denied**.

SO ORDERED AND ADJUDGED this the    3rd    day of December, 2010.


           s/David Bramlette
    UNITED STATES DISTRICT JUDGE